JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
REBECCA JAFFE (NC Bar No. 40726)
Trial Attorney
    601 D St. NW, 3rd Floor
    Washington, D.C. 20004
    Tel: (202) 305-0258
    Fax: (202) 305-0506
    rebecca.jaffe@usdoj.gov

Counsel for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF INTERIOR, et al., <br><br> Defendants. | C 3:17-cv-02376 EDL <br><br> SUPPLEMENTAL BRIEF ON PRUDENTIAL MOOTNESS |

Defendants respectfully submit this Supplemental Brief on Prudential Mootness, pursuant to the Court's oral order at the August 22, 2017 hearing on Plaintiff's Motion for Summary Judgment, ECF No. 13, and the subsequent minute entry, ECF No. 42. This case is prudentially moot because (1) as of September 6, 2017, the Valuation Rule will be repealed and the Court will no longer be able to grant relief; and (2) even now, before September 6th, the Court's ability to grant meaningful relief is compromised.[1]

---

[1] Defendants submit that the Court should not rule on Plaintiffs' motion for summary judgment before adjudicating the pending motion to dismiss, which will be fully briefed on September 5, 2017. The

On September 6, the repeal of the Valuation Rule, 82 Fed. Reg. 36,934 (Aug. 7, 2017), will render this case moot under Article III, and, before that date, this action is prudentially moot because the "impending" repeal will "eliminate the controversy between the parties." *Hunt v. Imperial Merch. Servs.*, 560 F.3d 1137, 1142 (9th Cir. 2009). "Even if a case is not constitutionally moot, a court may dismiss a case under the prudential-mootness doctrine if the case is so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the *power* to grant." *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 693283, at *5 (N.D. Cal. Feb. 22, 2016) (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011)). In *Hunt*, the Ninth Circuit described prudential mootness as the doctrine "under which a court can dismiss an appeal not technically moot if 'circumstances [have] changed since the beginning of litigation that forestall any occasion for meaningful relief.'" 560 F.3d at 1142 (quoting *S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997)); *see also In re Nelson*, 391 B.R. 437, 443 (B.A.P. 9th Cir. 2008) ("The test for prudential mootness of an appeal is whether the appellate court can grant the appellant any effective relief in the event that it decides the matter on the merits in its favor." (citing *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005))); *MBIA Ins. Corp. v. FDIC*, 708 F.3d 234, 245 (D.C. Cir. 2013) ("'Where it is so unlikely that the court's grant of [remedy] will actually relieve the injury,' the doctrine of prudential mootness permits the court in its discretion to 'stay its hand, and to withhold relief it has the power to grant' by dismissing the claim for lack of subject matter jurisdiction." (quoting *Penthouse Int'l, Ltd. v. Meese*, 939 F.2d 1011, 1019 (D.C. Cir. 1991) & *Chamber of Commerce v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980))); *Marcavage v. Nat'l Park Serv.*, 666 F.3d 856, 862 n.1 (3d Cir. 2012) ("The key inquiry in a prudential mootness analysis is 'whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for

---

existence of subject matter jurisdiction presents a "threshold question[] which must be decided before [the Court] address[es] the merits." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).

meaningful relief.'" (quoting *Int'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 915 (3d Cir. 1987))). Prudential mootness "has particular applicability in cases . . . where the relief sought is an injunction against the government." *Or. Nat. Res. Council v. Keys*, No. CIV. 02-3080-CO, 2004 WL 1048168, at *10 (D. Or. May 7, 2004), *report and recommendation adopted*, No. CIV.02-3080-C0, 2004 WL 1490320 (D. Or. June 29, 2004) (quoting *S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 727 (10th Cir.1997)). In other words, "[t]he court should decline to grant declaratory or injunctive relief in cases where the government has already changed or is in the process of changing its policies or where it appears that any repetition of the action is unlikely." *Id.* (citing *Bldg. & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1492 (10th Cir. 1993)).

The Ninth Circuit did not apply prudential mootness in *Hunt* because both parties argued against mootness, because the presenting issue regarding payment for class action notices "often ar[o]se[] in district courts but typically evade[d] appellate review," and because the court was "not required to dismiss a live controversy as moot merely because it may become moot in the near future" depending on the outcome of a merits appeal to the California Supreme Court. 560 F.3d at 1141–42. In the present case, however, the future event—i.e., the repeal of the Valuation Rule—is definite, not a mere possibility.[2] Recently, in *Maldonado v. Lynch*, the Ninth Circuit noted that it "ha[s] not adopted prudential mootness per se" and has "applied prudential mootness only in the bankruptcy context, when there are no assets left to distribute." 786 F.3d 1155, 1161 & n.5 (9th Cir. 2015) (en banc) (holding that application for deferral of removal was not moot because neither party argued mootness and because, even though the petitioner had been deported, he had returned to the United States). *But see Nasoordeen v. FDIC*, No. CV 08-05631, 2010 WL 1135888, at *6 (C.D. Cal. Mar. 17, 2010) ("The Ninth Circuit has

---

[2] Moreover, as Defendants will explain further in their Reply brief due on September 5, the "wrong capable of repetition but evading review" exception does not apply because the Valuation Rule cannot be postponed again and because Plaintiffs cannot maintain this suit by contending that other unknown federal agencies will invoke 5 U.S.C. § 705 in unknown circumstances, with unknown impacts on Plaintiffs, and in contexts unrelated to the fate of ONRR's Valuation Rule.

never adopted or rejected the doctrine of prudential mootness," but "courts within the Ninth Circuit have consistently held that prudential mootness is a viable doctrine" and "[t]he prudential mootness doctrine has been adopted by the First, Third, Fourth, Fifth, Sixth, Eighth, Tenth, and D.C. Circuits." (citations omitted)). The law on prudential mootness is thus uncertain in the Ninth Circuit, but Defendants submit that application of the doctrine is permissible here because the Ninth Circuit has not rejected the doctrine and because this case squarely warrants its application.

The motion to dismiss will be fully briefed on September 5, this matter is certain to be moot on September 6, and, thus, the Court should dismiss this action. In the alternative, it is appropriate for the court to stay its hand and not issue a merits decision now because the impending repeal compromises the Court's present ability to award relief. A reinstatement of the Valuation Rule could last only eleven or twelve days before the repeal rule goes into effect. And, before granting the States' request to set aside the postponement, Defendants submit that the Court should consider a number of factors including, inter alia, "the disruptive consequences of an interim change that may itself be changed." *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012) (per curiam) (quoting *Allied–Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993)). In addition, the reasons that the Office of Natural Resources Revenue ("ONRR") postponed the Valuation Rule in the first place—namely, its inability to provide guidance regarding certain provisions of the Valuation Rule—are still present. The Court should avoid the regulatory uncertainty that would result from reinstating for eleven or twelve days a rule that the agency struggled to implement.

One of Plaintiffs' themes in this litigation has been that ONRR effectively repealed the Valuation Rule without notice and comment rulemaking by staying the rule under 5 U.S.C. § 705. Yet, during this litigation, ONRR completed the very notice and comment rulemaking that Plaintiffs have argued is appropriate. At the conclusion of the repeal rulemaking, after reviewing the record—including comments from the public—ONRR issued a valid rule repealing the Valuation Rule. Any alleged

violation of the Administrative Procedure Act will cease to exist on September 6 and already has been effectively remedied by the repeal rulemaking process.

This case is prudentially moot now because the challenged action will become a nullity on September 6, the repeal rule's effective date, and, at that time, this case will become moot under Article III.

Respectfully submitted,

Dated: August 25, 2017

JEFFREY H. WOOD
Acting Assistant Attorney General

/s/ Rebecca Jaffe
REBECCA JAFFE
Trial Attorney
Attorney for Defendants